IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS** <br> 1156 15th Street NW, Suite 1020 <br> Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> **OFFICE OF INFORMATION POLICY** <br> United States Department of Justice <br> 6th Floor <br> 441 G St. NW <br> Washington, DC 20530 <br><br> and <br><br> **UNITED STATES DEPARTMENT OF JUSTICE** <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530 <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Reporters Committee for Freedom of the Press ("RCFP" or "Plaintiff"), by and through its undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief by RCFP against the Office of Information Policy at the United States Department of Justice ("OIP") and its parent department, the United States Department of Justice ("DOJ") (collectively, "Defendants").

1

2. By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release records regarding the Office of Government Information Services Empowerment Act of 2018 ("OGIS Empowerment Act" or "H.R. 5253") that were requested by RCFP in May of 2018, as well as records regarding the processing of RCFP's request. RCFP is statutorily entitled to the disclosure of these records and Defendants have improperly withheld them in violation of FOIA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records. The Reporters Committee is located at 1156 15th Street NW, Suite 1020, Washington, D.C. 20005.

6. Defendant OIP is an agency of the federal government within the meaning of 5 U.S.C. §552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that Plaintiff seeks. OIP is a component of Defendant United States Department of Justice. OIP is located at the United States Department of Justice, 6th Floor, 441 G St. NW, Washington, D.C. 20530.

7. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. §552(f) and 5 U.S.C. § 702 that has possession, custody, and/or control of the records that

Plaintiff seeks.  DOJ's headquarters are located at 950 Pennsylvania Avenue, NW Washington, D.C. 20530.

## FACTS

### The Office of Information Policy at the Department of Justice

8. OIP was originally established as the "Freedom of Information Committee" in the Department of Justice's Office of Legal Counsel in 1969.

9. OIP has stated that its mission is to encourage and oversee agency compliance with the Freedom of Information Act.

10. OIP has further stated that it "engages in a wide variety of initiatives to promote transparency across the government," such as "[d]eveloping and promoting FOIA best practices within the government" and "[c]ounseling agencies on questions arising from the FOIA." *Government Transparency*, Department of Justice (last accessed July 30, 2020), https://www.justice.gov/oip/government-transparency.

11. OIP also "adjudicates, on behalf of the Department of Justice, administrative appeals brought under the FOIA, processes initial requests made to the Senior Leadership Offices, and handles the defense of certain FOIA litigation cases." *Organization, Mission and Functions Manual: Office of Information Policy,* Department of Justice (last accessed July 30, 2020), https://www.justice.gov/jmd/organization-mission-and-functions-manual-office-information-policy.

### The Office of Government Information Services

12. The Office of Government Information Services ("OGIS") is a component of the National Archives and Records Administration and was created as a result of the Openness Promotes Effectiveness in our National Government Act of 2007 ("Open Government Act of

3

2007"). *See* Openness Promotes Effectiveness in Our National Government Act of 2007, Pub. L. No. 110-175, § 10, 121 Stat. 2524, 2529 (2007).

13. The House of Representatives Committee on Oversight and Government Reform report that accompanied H.R. 1309, a bill related to the Open Government Act of 2007, described the need for and purpose of OGIS as follows:

> Under FOIA, requesters who do not feel that an agency is being adequately responsive may sue for the information. However, requesters have argued that they would benefit from having access to an ombudsman for FOIA who could provide guidance to requesters before, or as an alternative to, litigation. As journalist Clark Hoyt described it in his testimony before the Information Policy Subcommittee in March 2007, these requesters are looking for "a champion for FOIA training and compliance, a place where individuals seeking to exercise their rights under FOIA can go for help short of filing a lawsuit." H.R. 1309 creates this ombudsman function within an Office of Government Information Services in the National Archives and Records Administration (NARA).

*Report 110-45: Freedom of Information Act Amendments of 2007*, U.S. House of Representatives (110th Cong. 2007), https://www.congress.gov/110/crpt/hrpt45/CRPT-110hrpt45.pdf.

14. Under FOIA, as amended by the Open Government Act of 2007, OGIS's responsibilities include:

- Reviewing agencies' policies and procedures concerning FOIA;
- reviewing agency compliance with FOIA;
- identifying procedures and methods for improving agency compliance with FOIA;
- offering mediation services to resolve disputes between persons making FOIA requests and agencies as a nonexclusive alternative to litigation, and issuing advisory opinions; and

- issuing annual reports to Congress and the President that include, *inter alia*, "legislative and regulatory recommendations . . . to improve the administration" of FOIA.

5 U.S.C. § 552(a)(h)(1)–(4).

### The OGIS Empowerment Act

15. On or about March 13, 2018 Rep. Blake Farenthold, R-Texas, introduced a bill, H.R.5253, in the House of Representatives. *See* Office of Government Services Empowerment Act of 2018, H.R. 5323, 115th Cong. (2018) ("OGIS Empowerment Act").

16. The OGIS Empowerment Act would have amended FOIA to require agencies to "make any record available to the Director of the Office of Government Information Services for purposes of carrying out [Subsection 552(h)], upon request of the Director." *See id*.

17. H.R. 5253 did not become law. The last action taken on the bill, an order for the bill to be reported by a voice vote, occurred on or about March 15, 2018.

### Plaintiff's First FOIA Request

18. On or about May 17, 2018, Adam A. Marshall ("Marshall") submitted a FOIA request to OIP on behalf of RCFP (the "First Request"). A true and correct copy of the First Request is attached as Exhibit 1 and incorporated by reference herein.

19. In the First Request, RCFP requested access to and copies of the following records:

> [A]ll communications (including but not limited to letters, memos emails, text messages, and other electronic messages), sent or received since January 1, 2018, that contain any of the following terms or phrases:
> 1) "H.R. 5253"
> 2) "HR 5253"
> 3) "Office of Government Information Services Empowerment Act of 2018", or
> 4) "OGIS Empowerment".

Ex. 1.

20. The First Request included a request for a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A) and set forth facts and argument in support thereof. *See* Ex. 1.

21. The First Request complied with all applicable regulations regarding the submission of FOIA requests.

### Defendants' Irregular Treatment of RCFP's First Request

22. RCFP received an email confirming receipt of the First Request on or about May 17, 2018. The confirmation e-mail assigned the FOIA Request tracking number DOJ-2018-005357.

23. On or about June 15, 2018, RCFP received an email from OIP with an attached letter acknowledging the First Request. In the attached letter, Kim Kochurka, Government Information Specialist at OIP, stated that the First Request was assigned to the "simple track" and that the request would "be processed as soon as possible." A true and correct copy of this letter is attached hereto as Exhibit 2.

24. On or about December 12, 2018, Marshall sent an email to OIP asking for a status update and estimated date of completion for the First Request. At that time, it had been approximately 209 days since the First Request was submitted, and RCFP had not received a determination from OIP.

25. After receiving no response to his December 12, 2018 email, Marshall sent additional emails to OIP asking for status updates on or about December 18, 2018, January 2nd, 2019, and January 28, 2019.

26. Marshall received an email on or about January 30, 2019 from Douglas Hibbard, FOIA Public Liaison at OIP ("Hibbard"). Hibbard stated that OIP was "continuing to search" for responsive records and estimated that it would take "an additional three months to fulfill" the

First Request. A true and correct copy of Hibbard's January 30, 2019 email is attached hereto as Exhibit 3.

27. On or about March 28, 2019, Marshall sent an email to Hibbard asking for a status update and estimated date of completion for the First Request. At that time, it had been approximately 315 days since the First Request had been submitted.

28. On or about March 29, 2019, Hibbard responded to Marshall via email, stating that OIP was "still conducting [its] records search[,]" and that he was "reaching out to the relevant custodians in order to facilitate completing that step of [the agency's] process." A true and correct copy of Hibbard's March 29, 2019 email is attached hereto as Exhibit 4.

29. On or about May 31, 2019, Marshall sent an email to Hibbard asking for a status update and estimated date of completion for the First Request. Marshall copied Melanie Pustay ("Pustay"), then-Director of OIP, on the email. At that time, it had been approximately 379 days since the First Request had been submitted.

30. On or about May 31, 2019, Hibbard sent an email to Marshall stating the First Request was "pending a search within [the] ediscovery queue," and that he had requested the DOJ's ediscovery team to "endeavor to complete [the] search by the end of June." A true and correct copy of Hibbard's May 31, 2019 email is attached hereto as Exhibit 5.

31. On or about August 12, 2019, Marshall sent another email to Hibbard, copying Pustay, asking for a status update and estimated date of completion for the First Request. At that time, it had been approximately 452 days since submission of the First Request, and OIP had yet to provide a determination.

32. On or about August 12, 2019, Hibbard responded to Marshall via email, stating that OIP "located around 300 documents that require a closer review" and that the "review is

ongoing." Hibbard further stated that OIP would "endeavor" to provide a response "by the end of October." A true and correct copy of Hibbard's August 12, 2019 email is attached hereto as Exhibit 6.

33. On or about December 12, 2019, Marshall sent an email to Hibbard requesting a status update and estimated date of completion for the First Request. Marshall copied Bobak Talebian ("Talebian"), then-interim Director of OIP, on the email. At that time, it had been about 574 days since the initial request. Marshall sent another follow-up email to Hibbard, copying Talebian, on or about December 17, 2019, after not receiving a response.

34. On or about December 18, 2019, Hibbard responded to Marshall via email, stating that OIP was "currently reviewing approximately 200 pages of material that appear to be responsive to [the First Request]." Hibbard further stated that the "material contains equity of interest to other federal entities" and that OIP "will need to consult with them . . . before making [its] disclosure determinations." Hibbard further stated that OIP "believe[d]" it could provide "a response on this material sometime in March 2020." A true and correct copy of Hibbard's December 18, 2019 email is attached hereto as Exhibit 7.

35. On or about December 19, 2019, Marshall responded to Hibbard via email, copying Talebian. Marshall asked for information regarding (1) which federal entities OIP was sending responsive records to, (2) why OIP was waiting until January 2020 to send records to those federal entities, (3) why there would be a two month delay between sending the responsive records to other federal entities and OIP making a determination, and (4) why the First Request was listed on the FOIAOnline.gov website as on OIP's "complex" track when, for the vast majority of the time it had been pending, the request was listed as being on OIP's "simple" track.

Marshall also inquired as to when the move from simple to complex track was made, why it was made, and what number the request stood on the current track.

36. On or about December 19, 2019, Hibbard responded to Marshall via email, stating, *inter alia*, that the "Office of Legal Counsel, Office of Legislative Affairs, and Office of Privacy and Civil Liberties have equity in the material, and possibly others . . . . " Hibbard further stated that the track change on FOIAOnline.gov was "an administrative step . . . as part of a data cleanup" and that First Request had "always been in the 'complex' track." A true and correct copy of Hibbard's December 19, 2019 email is attached hereto as Exhibit 8.

37. According to DOJ, in Fiscal Year 2018, OIP's average response time for simple FOIA requests was 13.66 days. OIP's average response time for complex requests was 75.05 days. *See United States Department of Justice Annual Freedom of Information Act Report*, Department of Justice (FY 2018), https://www.justice.gov/oip/page/file/1135751/download.

38. According to DOJ, in Fiscal Year 2019, OIP's average response time for simple FOIA requests was approximately 54.58 days. *See United States Department of Justice Annual Freedom of Information Act Report*, Department of Justice (FY 2019), https://www.justice.gov/oip/page/file/1253751/download.

39. According to DOJ, in Fiscal Year 2019, the highest number of days OIP took to process a simple request was 718 days. *See id*.

40. As of the date of the filing of this complaint, it has been approximately 806 days since the First Request was submitted to OIP.

**Plaintiff's Second FOIA Request**

41. On or about June 3, 2020, Marshall sent a second FOIA request (the "Second Request") to OIP on behalf of the Reporters Committee via foia.gov. A true and correct copy of the Second Request is attached hereto as Exhibit 9 and incorporated by reference herein.

42. The Second Request sought access to and copies of the following records:

> 1. All processing notes, worksheets, and decision documents for FOIA request No. DOJ-2018-005357. This request was submitted to OIP by the Reporters Committee on May 17, 2018;
>
> 2. All electronic communications (including but not limited to memos, emails, text messages, and other electronic messages), sent or received by anyone at the Department of Justice since May 17, 2018 that include the term "DOJ-2018-005357";
>
> 3. All emails to/from/cc/bcc the email address for Melanie Pustay (Melanie.A.Pustay@usdoj.gov), sent or received since May 17, 2018, that include any of the following terms:
>    a. DOJ-2018-005357
>    b. 2018-005357
>    c. Reporters Committee
>    d. Adam Marshall
>
> 4. All emails to/from/cc/bcc the email address for Douglas Hibbard ("Douglas.Hibbard@usdoj.gov"), sent or received since May 17, 2018, that include any of the following terms:
>    a. DOJ-2018-005357
>    b. 2018-005357
>    c. Reporters Committee
>    d. Adam Marshall
>
> 5. All emails to/from/cc/bcc the email address for Bobak Talebian ("Bobak.Talebian@usdoj.gov"), sent or received since May 17, 2018, that include any of the following terms:
>    a. DOJ-2018-005357
>    b. 2018-005357
>    c. Reporters Committee
>    d. Adam Marshall

Ex. 9.

44. The Second Request further stated that any reference to "email" or "emails" in the Second Request "specifically requests the entirety of any email chain(s) in which the referenced term(s) appear." The Second Request also specified that "any reference to 'email' or 'emails' specifically requests any and all attachment(s) to those emails." Ex. 9.

45. The Second Request included a request for a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A), and set forth facts and argument in support thereof. *See* Ex. 9.

46. The Second Request complied with all applicable regulations regarding the submission of FOIA requests.

47. On or about June 3, 2020 Marshall received a confirmation ID from FOIA.gov assigning the Second Request the Submission ID 132621.

48. On or about June 9, 2020, Marshall received an email with an attached letter from OIP acknowledging the Second Request and assigning it tracking number FOIA-2020-01282. A true and correct copy of that acknowledgement letter is attached hereto as Exhibit 10.

49. As of this filing, it has been approximately 58 days since the Second Request was submitted to OIP.

## CAUSES OF ACTION

### Count I

**Violation of FOIA for Failure to Comply with Statutory Deadlines**

50. Plaintiff repeats and re-alleges paragraphs 1–49.

51. Defendants are agencies subject to FOIA.

52. By the First Request and Second Request (collectively, the "Requests"), Plaintiff properly asked for records within the possession, custody and/or control of Defendants.

53. Defendants failed to make a determination with respect to the Requests within the 20 working day deadline required by FOIA. 5 U.S.C. § 556(a)(6)(A).

54. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Requests.  5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## Count II

### Violation of FOIA for Wrongful Withholding of Agency Records

55. Plaintiff repeats and re-alleges paragraphs 1–49.

56. Defendants are agencies subject to FOIA.

57. By the First Request and Second Request (collectively, the "Requests"), Plaintiff properly asked for records within the possession, custody and/or control of Defendants.

58. The Requests complied with all applicable regulations regarding the submission of FOIA requests.

59. Defendants have not released any records or portions thereof in response to the Requests.

60. Defendants have not cited any exemptions to withhold records or portions thereof that are responsive to the Requests.

61. Defendants have not identified whether or how release of the records sought by the Requests would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

62. Defendants have improperly withheld records responsive to the Requests in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

63. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Requests.  5 U.S.C. § 552(a)(6)(A)(ii); *id*. § 552(a)(6)(C)(i).

## **REQUEST FOR RELIEF**

WHEREFORE, the Reporters Committee respectfully requests that the Court:

(1) order Defendants to conduct a reasonable search for all records responsive to the Reporters Committee's First Request and Second Request, and to immediately disclose all non-exempt records responsive to the Requests in their entirety, as well as all non-exempt portions of responsive records;

(2) issue a declaration that the Reporters Committee is entitled to disclosure of the records responsive to the First Request and Second Request;

(3) enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Reporters Committee's First Request and Second Request;

(4) award the Reporters Committee reasonable attorney's fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant such other relief as the Court may deem just and proper.

Dated: July 31, 2020

    Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF
   THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300

Facsimile: 202.795.9310

*Counsel for Plaintiff*